Filed 11/21/13  Save Our Heritage Org. v. City of San Diego CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SAVE OUR HERITAGE ORGANISATION,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>CITY OF SAN DIEGO et al.,<br><br>        Defendants and Appellants;<br><br>PLAZA DE PANAMA COMMITTEE,<br><br>        Real Party in Interest and Appellant. | D062026<br><br>(Super. Ct. No. 37-2011-00095579-CU-WM-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Judith F. Hayes, Judge.  Appeal dismissed.

Jan I. Goldsmith, City Attorney, and Donald R. Worley, Assistant City Attorney, for Defendants and Appellants.

Seltzer Caplan McMahon Vitek and G. Scott Williams for Real Party in Interest and Appellant.

Brandt-Hawley Law Group and Susan L. Brandt-Hawley for Plaintiff and Respondent.

Appellants City of San Diego (City) and Plaza de Panama Committee (Committee; together Appellants) entered into a Memorandum of Understanding (MOU) that addressed project terms and details for the Plaza de Panama Circulation and Parking Structure Project (the Project) proposed for Balboa Park. Save Our Heritage Organisation (SOHO) filed a petition for writ of mandate challenging the MOU. The trial court granted the petition, finding that to avoid an unlawful precommitment to the Project, the San Diego City Council (City Council) must set aside and not reconsider approval of the MOU until an environmental impact report (EIR) was certified. Appellants claim the trial court erred in finding the MOU constituted a precommitment to the Project in violation of the California Environmental Quality Act (CEQA). As we explain below, the appeal is dismissed as moot.

FACTUAL AND PROCEDURAL BACKGROUND

Balboa Park is a 1200-acre urban park owned by the City. Balboa Park's central core was declared a National Historic Landmark and a National Historic Landmark District in 1977 and is listed in the National Register of Historic Places. In 1989, the Balboa Park Master Plan was adopted following a comprehensive environmental process. The Balboa Park Master Plan called for removal of parking in Balboa Park's central Plaza de Panama and changing the Plaza de Panama to pedestrian use.

2

In 2010, the Committee was formed by Dr. Irwin Jacobs to raise funds and implement the Project. The Committee committed to raise $25 million of $40 million in projected costs to remove parking from the Plaza de Panama and other areas in Balboa Park and to construct a new paid parking garage, roadways, and a bypass bridge, among other things. SOHO and numerous other organizations raised concerns relating to the Project's adverse impacts on historic integrity and public access to Balboa Park.

In 2011, the Committee presented the City with a proposed MOU that described detailed project terms, parameters, and financing, while repeatedly reciting that final project approval would only follow a full CEQA process to consider project alternatives. The City Council's Committee on Rules, Open Government and Interdepartmental Relations declined to recommend approval of the MOU to the City Council due to concerns regarding the Project. The Committee then asked the full City Council to consider the approval of the MOU at a public hearing. Following testimony, a City Council majority voted to approve the MOU.

SOHO filed the instant petition alleging that the City Council violated CEQA by improperly precommitting itself to the Project before certification of an EIR. The trial court granted the petition and entered a judgment against the City, ruling that "[t]he City Council . . . violated CEQA in July 2011 when it entered into a [MOU] with the . . . Committee regarding the . . . Project without first certifying an adequate . . . [EIR]." The court issued a peremptory writ of mandamus commanding the City to set aside the approval of the MOU.

3

Before entry of judgment, the City published a draft EIR for the Project. The parties then stipulated to stay the operation and effectiveness of the MOU "pending the City's certification of the Project EIR, or approval of another environmental document appropriate for a revised Project, and the City's approval of Project entitlements." The parties further agreed that "[t]his stay of the operation and effectiveness of the MOU fully cures the City's precommitment to the project, as alleged by SOHO and ruled by this Court in its Order of January 19, 2012, so that the City's approval of the MOU in July 2011 and the circumstances surrounding that approval can no longer prejudice the City's compliance with CEQA during the EIR review process and during the City's consideration of Project entitlements."

In July 2012, the EIR was certified. Thereafter, the City approved the Project and the Plaza de Panama Improvement Agreement that delineated terms for the funding, design and construction of the Project. The City timely appealed from the judgment. SOHO moved to dismiss the appeal as moot.

## DISCUSSION

SOHO seeks to dismiss this appeal as moot on the ground no judiciable controversy remains because the stipulated stay of the MOU allowed the Plaza de Panama EIR process to proceed free from the unlawful precommitment. SOHO also contends that the MOU has been superseded by the approval of the Project and the Plaza de Panama Improvement Agreement entered into between the City and the Committee. In its reply brief, the City disagrees with the reason for mootness argued by SOHO, but concedes that the appeal is moot for other reasons.

4

The City points out that in *SOHO v. City of San Diego et al.*, case number 37-2012-00102270-CU-TT-CTL, a subsequent action filed by SOHO challenging approval of the Project, the trial court ruled that the approval violated a local City ordinance and issued a writ of mandate setting aside the site development permit for the Project. The City requests that we take judicial notice of this subsequent action and contends that "[t]here does not appear to be any move to revive the project by addressing alternatives under the City ordinance. Therefore, approval of the MOU, which was the goal of the appeal, will not provide meaningful relief."

We grant the City's request for judicial notice of the San Diego superior court file in the subsequent action. Our review of the file shows that the Committee timely appealed the decision in the subsequent action. Thus, the Project is not dead. Nonetheless, we agree with SOHO that subsequent events rendered any issue as to the MOU moot.

This appeal seeks reversal of a peremptory writ of mandamus commanding the City to set aside the approval of the MOU. The parties, however, agreed to stay the operation of the MOU and agreed that this stay "fully cure[d] the City's precommitment to the project, as alleged by SOHO and ruled by this Court." The agreement of the parties, combined with the completion of the EIR process without the MOU in place, and the subsequent entry of the Plaza de Panama Improvement Agreement between the City and the Committee rendered the MOU irrelevant and moots this appeal. (*Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 77–78 [an appeal should be

5

dismissed as moot when an intervening event makes it impossible for the appellate court to give appellant effective relief].)

Nonetheless, the City contends we should rule on the merits of its appeal because it raises issues of public importance that are likely to arise again. Namely, the trial court's ruling that the City violated CEQA because of the mayor's support of the Project, if left standing, would have a chilling effect on mayoral advocacy of other projects a mayor deems favorable to a city. It also argues the trial court's finding that the detailed project description in the MOU violated CEQA is an issue that will recur if the City enters into future public/private development with controversial features.

Accordingly, the issue presented is whether we should decide the appeal despite its mootness. "In a proceeding that may otherwise be deemed moot we have discretion to resolve an issue of continuing public interest that is likely to recur in other cases . . . ." (*Daly v. Superior Court* (1977) 19 Cal.3d 132, 141.) As we shall explain, this case does not meet the exception for an otherwise moot appeal.

CEQA "requires that public agencies conduct environmental review before they commit themselves to a definite course of action with respect to any project which might have a significant impact on the environment. Such a commitment may occur when an agency makes an agreement with respect to a proposal that, as a practical matter, commits the agency 'to the project as a whole or to any particular features, so as to effectively preclude any alternatives or mitigation measures that CEQA would otherwise require to be considered, including the alternative of not going forward with the project.' [Citation.]" (*City of Santee v. County of San Diego* (2010) 186 Cal.App.4th 55, 59.)

6

The seminal case in this area is *Save Tara v. City of West Hollywood* (2008) 45 Cal.4th 116 (*Save Tara*). In *Save Tara*, our high court addressed the question of when does a development agreement conditioned upon CEQA compliance constitute "approval" of a project that must be preceded by preparation of an EIR. It rejected any "bright-line rule defining when an approval [of a project] occurs . . . ." (*Id.* at p. 138.) Rather, the court considered a number of factors to determine that because the city had already committed itself to the project, it was required to prepare and consider an EIR before entering into the agreement. (*Id.* at pp. 140–143.) The *Save Tara* court noted that our task is to "look not only to the terms of the agreement but to the surrounding circumstances to determine whether, as a practical matter, the agency has committed itself to the project as a whole or to any particular features, so as to effectively preclude any alternatives or mitigation measures that CEQA would otherwise require to be considered, including the alternative of not going forward with the project." (*Id.* at p. 139.)

Accordingly, resolution of the merits of this appeal requires us to review the unique facts of this case to determine whether the trial court correctly found that the MOU constituted approval of the Project. Because resolution of the merits of this appeal requires a fact specific inquiry, and *Save Tara* and its progeny set forth the legal framework for determining whether a development agreement conditioned upon CEQA compliance constitute "approval" of a project, we conclude this case does not meet the exception to decide an otherwise moot appeal. Thus, we grant the motion to dismiss the appeal. (See *Zimmerman v. Drexel Burnham Lambert Inc.* (1988) 205 Cal.App.3d 153,

7

162 [in appropriate circumstances, appellate court may dismiss appeal even though motion to dismiss requires some review of record].)

## DISPOSITION

The appeal is dismissed.  Respondent is entitled to its costs on appeal.


MCINTYRE, J.

WE CONCUR:

BENKE, Acting P. J.

McDONALD, J.